UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**KERRY D. AUSTIN,**

        Plaintiff,

  v.

**UNION BOND & TRUST CO. and
MORLEY CAPITAL MANAGEMENT,**

        Defendants.

Case No. 3:14-CV-00706-ST

ORDER

**STEWART, Magistrate Judge:**

### INTRODUCTION

Plaintiff, Kerry D. Austin ("Austin"), filed this action on April 29, 2014, on behalf of himself and others similarly situated, alleging that defendants, Union Bond & Trust Co. ("Union"), Morley Capital Management ("Morley"), and Principal Life Insurance Co. ("Principal Life"), violated the Employee Retirement Income Security Act ("ERISA"), 29 USC §§ 1104 and 1106. On December 23, 2014, this court dismissed: (1) all claims against defendant Principal Life (Second Claim in its entirety, and portions of the Third and Fourth Claims) with prejudice; and (2) those portions of the First, Third, and Fourth Claims against Union and Morley as to setting the Crediting Rates and retaining the spread in the Principal SIC with prejudice; and (3) the remaining portions of the First, Third, and Fourth Claims against

1 – ORDER

Union and Morley without prejudice and with leave to replead. Order (docket #42), adopting Findings and Recommendation (docket #38).

Austin subsequently filed an Amended Class Action Allegation Complaint (docket #43) against Union and Morley alleging a claim for breach of fiduciary duty under 29 USC § 1132(a)(2) and (a)(3) (First Claim), as well as two claims for engaging in prohibited transactions under 29 USC §1106(a) (Second Claim) and 29 USC § 1106(b) (Third Claim). Union and Morley then filed a Motion to Dismiss Plaintiff's Amended Complaint (docket #46). In response, Austin both contests the propriety of dismissal and asserts that, pursuant to FRCP 12(d), defendants' motion should be converted to a motion for summary judgment. This court concludes that defendants' motion should be converted to a motion for summary judgment and stayed pending discovery and further briefing by the parties.

## LEGAL STANDARDS

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F3d 977, 980 (9th Cir 2002). If "matters outside the pleadings are presented to and not excluded by the court," then a motion to dismiss under FRCP 12(b)(6) for failure to state a claim "must be treated as one for summary judgment under Rule 56." FRCP 12(d). "[A] district court commits reversible error when it considers matters extraneous to the pleadings while treating the motion as one to dismiss, rather than as one for summary judgment." *Bonilla v. Oakland Scavenger Co.*, 697 F2d 1297, 1301 (9th Cir 1982) (citations omitted).

However, on a motion to dismiss, the court may consider certain documents attached to the complaint under FRCP 10(c). Additionally, even if not physically attached to the complaint, the "incorporation by reference" doctrine allows a court to consider documents on a motion to

dismiss that are "referenced extensively in the complaint and [are] accepted by all parties as authentic." *Van Buskirk*, 284 F3d at 980, citing *In re Silicon Graphics, Inc. Sec. Litig*, 183 F3d 970, 986 (9th Cir 1999); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F3d 1036, 1043 (9th Cir 2015). Incorporating documents by reference allows the court to "assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F3d 903, 908 (9th Cir 2003).

On the other hand, the "incorporation by reference" doctrine does not give the court *carte blanche* to accept one party's version of the meaning or implications of the documents if they contain factual material that is subject to reasonable dispute. An oft-used doctrine to incorporate documents by reference is that of judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 US 308, 322 (2007), citing 5B Wright & Miller § 1357 (3rd ed 2004 and supp 2007); *Lee v. City of Los Angeles*, 250 F3d 668, 688-89 (9th Cir 2001). As codified in Federal Rule of Evidence 201, a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed." As a result, when considering a motion to dismiss for failure to state a claim, a court may not take judicial notice of facts that are subject to reasonable dispute, even though it may take judicial notice of matters of public record. *Lee*, 250 F3d at 689-90. Accordingly, the court may not consider matters contained in proffered documents that require interpretation and analysis or the offering of expert testimony. *See Federated Serv. Ins. Co. v. STIHL, Inc.*, No. 1:11-CV-3097-CL, 2013 WL 1100728, at *3 (D Or Mar. 14, 2013) (submission of matters outside the pleadings, including expert reports and a deposition transcript, made it appropriate to consider a motion to dismiss "under the standards applicable to a motion for summary

judgment"); *Moreno v. Beddome*, No. DV 11-2333-PHX-DGC (SPL), 2012 WL 3150205, at *2 (D Ariz Aug. 2, 2012) (rejecting proffer on motion to dismiss of grievances and grievance policy as proof that no "deliberate indifference" occurred "which would require the court to "evaluate the appropriateness of Plaintiff's medical care on the basis of the grievance responses and without the benefit of Plaintiff's medical records or affidavits of medical personnel, and without providing Plaintiff an opportunity to conduct discovery").

## **DISCUSSION**

In support of their motion to dismiss, defendants have submitted copies of ten documents ("contested documents") from two financial industry groups which track stable value funds (Stable Value Investment Association ("SVIA") and Hueler Analytics, Inc.), as well as "fact sheets" concerning five funds, including the Principal Life Stable Value Fund. Thies Decl. (docket #47), ¶¶ 3-11 & Exs. 1-10. The contested documents are indeed referenced, at least in part, by the Amended Complaint. Amended Complaint, ¶¶ 48, 67. Austin's claims expressly rely on figures in the contested documents to support his theories as to how defendants violated ERISA. In particular, as characterized at the hearing, Austin alleges that defendants breached ERISA by a combination of investing the assets of the Principal Stable Value Fund too conservatively and by charging excessive fees, resulting in anemic performance as compared to other stable value funds and the rate of inflation.

Defendants argue that the contested documents are incorporated by reference in the Amended Complaint and, therefore, may be considered by the court in ruling on their motion to dismiss all of Austin's claims. However, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F3d 1031, 1038 (9th Cir 2010), citing *Ritchie*, 342 F3d at 908-09. Instead, the "incorporation by

reference" doctrine extends to "situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint, the document's authenticity is not in question, *and there are no disputed issues as to the document's relevance*." *Id* (emphasis added, citation omitted).

The difficulty in this case is that the parties are not simply asking this court to assume the truth of the contents of the documents referenced in the Amended Complaint. Instead, each side contends that the other side is misguided about which of the various facts and figures referenced in the contested documents must be used when assessing whether the Principal Stable Value Fund invested too conservatively or charged excessive fees. The contested documents give certain "survey" data about the duration of the investments in various stable value funds for a particular time period (Thies Decl., Ex. 3, ECF p. 4) and provide "expense ratio" information on particular funds (*id*, Exs. 4 (ECF p. 2), 5 (ECF p. 3), 6 (ECF p. 2), 7 (ECF p. 2)) which the parties interpret differently.

With regard to the issue of an excessively conservative investment strategy, the parties dispute which of the figures identified in the SVIA 2012 survey as the "Modified duration" of various funds' investments (*id*, Ex. 3, ECF p. 4) is the relevant comparator to the Principal Stable Value Fund's average investment duration of 2.61 years. Austin alleges that the "average duration of stable value funds' underlying investments was 3.74 years," a longer duration which leads to higher long-term total returns. Amended Complaint, ¶ 48. The figure of 3.74 years in found in the SVIA 2012 survey for all stable value funds. Defendants argue that the appropriate comparator in the SVIA 2012 survey is actually "Bank and Invest. Co. Pools" which has a shorter average duration of 2.43 years. If defendants are correct that Austin is relying on the wrong figure, then the wind is certainly taken out of Austin's sails with respect to that issue.

5 – ORDER

With respect to the issue of excessive fees, the parties dispute which fees are or are not included as expenses in the reports of other stable value funds, whether certain fees are "optional," and whether certain fees are "plan level" versus "fund level." As defendants concede, these disputes are complicated. In addition, they require the court to interpret various documents which are far from clear. The net result of these fee disputes is – according to Austin's rough estimate presented at the hearing – a $96 million disagreement over the amount of fees that were or should have been charged.

Rather than simply asking this court to assume that the historical figures contained in the contested documents are true, defendants seek to have this court weigh in on a host of factual determinations about the propriety of using particular data points contained in the contested documents when evaluating Austin's claims. The conclusions that defendants seek to have this court draw unavoidably require expert testimony, none of which has been presented and none of which would merit "incorporation by reference" even if presented. In short, the matters (mostly unspoken) which defendants seek to have this court consider to dismiss Austin's claims are in the form of expert testimony about the relevance, meaning, and proper interpretation of the figures in the contested documents. Because these are "matters outside the pleadings," FRCP 12(d) requires their motion to dismiss to "be treated as a one for summary judgment under Rule 56."

///

///

///

///

///

## **ORDER**

For the reasons stated above, defendants' Motion to Dismiss Plaintiff's Amended Complaint (docket #46) is converted to a Motion for Summary Judgment Under FRCP 56 and is STAYED pending discovery and further briefing.

DATED April 24, 2015.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge